**Jesse PATTERSON for Emily Jo PATTERSON (deceased), Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

No. 5:09–CV–64–BO.

United States District Court,
E.D. North Carolina,
Eastern Division.

Oct. 2, 2009.

Lawrence Wittenberg, Roberti, Wittenberg, Lauffer & Wicker, P.A., Durham, NC, for Plaintiff.

Jay C. Hinsley, Social Security Administration, Baltimore, MD, for Defendant.

## *ORDER*

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## *INTRODUCTION*

Plaintiff's decedent applied for a Period of Disability and Disability Insurance Benefits on October 25, 2004, alleging an onset date of January 1, 1998. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").

Judge Edward W. Seery heard the case on October 17, 2007 and denied benefits on December 18, 2007. A final denial of Plaintiff's request for review was made on December 12, 2008.

Plaintiff filed a complaint challenging the ALJ's decision on February 16, 2009. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Raleigh, North Carolina, on September 24, 2009. The motions are now ripe for ruling.

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for an award of benefits because substantial evidence does not support the ALJ's rejection of the treating physician's assessment of Plaintiff's physical limitations or the ALJ's conclusion that Plaintiff could perform past relevant work and the full range of light work. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regula-

tions. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since her alleged onset date. At steps two and three, the ALJ found that Plaintiff suffered from Chronic Obstructive Pulmonary Disease ("COPD"), a severe impairment which did not meet or equal an impairment listed under applicable regulations. At step 4, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to perform a full range of light work, and that Plaintiff could still perform her past relevant work as a cosmetologist/hair dresser. The ALJ accordingly found Plaintiff not disabled under the law.

## I.   The ALJ's Decision at Step 3

■ The ALJ's decision that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, is not supported by substantial evidence. Listing 3.02 applies to COPD due to any cause with certain forced expiratory volumes and Chronic Impairment of Gas Exchange with certain diffusing capacity of the lungs for carbon monoxide or arterial blood gas values.

Dr. Camilla Proctor, Plaintiff's treating physician, stated on the basis of her treatment and observation of Plaintiff and the records of Dr. Satish Kumar and Dr. Kamlesh Kumar, Plaintiff's prior treating physicians, that Plaintiff was disabled by her COPD as of September, 2000. Plaintiff was first diagnosed with COPD in July,

2000, and suffered from shortness of breath, coughing, and wheezing in both lungs. In September, 2000, a chest X-ray showed that Plaintiff suffered from hyper-inflation in both lungs despite treatment with Prednisone. By early 2001, Plaintiff also suffered from a persistent cough and shortness of breath. In October, 2001, Plaintiff was hospitalized with exacer-bation of COPD. In sum, the treating phy-sician's assessment and Plaintiff's medical history supports a finding that Plaintiff's condition met or medically equaled Listing 3.02.

The ALJ rejected the treating physi-cian's assessment based on insufficient, non-medical evidence. Plaintiff signed form 1040 Schedule C for the years 2002 and 2003 showing gross receipts of $88,000 and $71,000 respectively for Emily's Tan-ning Bed & Hair Fashions. But these forms do not indicate how many hours and how much physical effort Plaintiff was able to devote to her business. Plaintiff stated at Nash Internal Medicine in early 2001 that she was working six to seven days a week as a hair dresser and working long hours. But treatment notes from Nash Internal Medicine indicate that Plaintiff was "terribly thin" and suffered from a persistent, productive cough, persistent shortness of breath, and expiratory wheez-ing. And the testimony of Plaintiff's daughters, who worked with Plaintiff at the salon, indicated that Plaintiff only op-erated a tanning bed when she was able to work at all.

Thus, the ALJ's rejection of the treating physician's assessment and the ALJ's find-ing that Plaintiff did not have an impair-ment or combination of impairments that met or medically equaled a listing are not supported by substantial evidence. Ac-cordingly, the ALJ's decision at step 3 is REVERSED.

## II. The ALJ's Decision at Step 4

■ The ALJ's finding that Plaintiff could perform the full range of light work is deficient for the same reasons as the ALJ's decision at step 3. Moreover, the ALJ's finding that Plaintiff could perform past relevant work as a cosmetologist/hair dresser failed to address Plaintiff's envi-ronmental limitations. Plaintiff was ad-vised to avoid perfumes and colognes when her lungs were irritated as early as 1992 and the physical RFC assessment per-formed by a DDS physician on February 2, 2005, noted that Plaintiff's environmen-tal limitations included avoiding concen-trated exposure to fumes, odors, dusts, gases, poor ventilation, etc. because of her COPD. Because these are the types of hazards that would be encountered while working as a hairdresser, the ALJ's find-ing that Plaintiff could return to work as a cosmetologist/hair dresser was not sup-ported by substantial evidence.

■ Therefore, because the ALJ's con-clusions that Plaintiff could perform the full range of light work and could return to past relevant work were not supported by substantial evidence, the ALJ's decision at step 4 is REVERSED. Because Plaintiff was advanced in age as of May 1999, was unable to perform past relevant work, and her skills as a cosmetologist/hair dresser were not transferable, a finding that Plain-tiff was disabled is warranted under 20 C.F.R. Part 404, Subpart P, Appendix 2 and 20 C.F.R. 404.1568 (2009).

## CONCLUSION

For the reasons discussed above, Plain-tiff's Motion for Judgment on the Plead-ings is GRANTED, Defendant's Motion for Judgment on the Pleadings is DE-NIED, and the decision of the Commis-sioner is REVERSED. The decision of whether to reverse and remand for bene-fits or reverse and remand for a new hear-

ing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is RE-MANDED for an award of benefits.